#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MASTER SADDLES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-24-00224-PRW |
| SHANNON KERR, et al., | ) |
| Defendants. | ) |

### ORDER

Before the Court is Defendants' Motion to Quash or in the Alternative Modify Plaintiff's Subpoena Duces Tecum to Eliminate Request Number Seven to Amy Davenport (Dkt. 24) and the Response (Dkt. 25), filed by Plaintiff Master Saddles, LLC. Defendants did not file a reply. For the following reasons, the Court **DENIES** the Motion (Dkt. 24).

#### *Background*

Master Saddles brings this action based on Defendants' allegedly defamatory statements made on a podcast owned and hosted by non-party Amy Davenport. On August 30, 2024, Ms. Davenport was served a subpoena duces tecum. Defendants challenge only Request No. 7, which seeks "[a]ll communications between [Ms. Davenport's] attorney and [Defendant Shannon] Kerr's attorney relating to Master Saddles." (Dkt. 25-1). Defendants assert that compliance with this request would require disclosure of privileged material. Accordingly, they filed the Motion (Dkt. 24), seeking to quash or modify the subpoena.

1

*Legal Standard & Analysis*

Generally, "only the person to whom the subpoena is directed has standing to object to its issuance."[1] One exception exists "where the challenging party asserts a personal right or privilege with respect to the materials subpoenaed."[2] To establish standing under this exception, "the challenging party must specifically identify the personal right or privilege on which he relies."[3] Conclusory assertions of the right or privilege are insufficient.[4]

Attorney-client privilege "protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor."[5] But the fact that "an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege."[6] Instead, the communication "must relate to legal advice or strategy sought by the client."[7]

Defendants invoke the "joint-defense privilege." This "protects communications between an individual and an attorney for another when the communications are 'part of

---

[1] *Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011) (collecting cases).

[2] *Id.* (citing *Shirazi v. Childtime Learning Center, Inc.*, 2008 WL 4792694, at *1 (W.D. Okla. Oct. 31, 2008)).

[3] *Id.* at *3 (collecting cases).

[4] *Id.*

[5] *In re Grand Jury Proc.*, 616 F.3d 1172, 1182 (10th Cir. 2010) (citation and internal quotation marks omitted).

[6] *Id.* (citation and internal quotation marks omitted).

[7] *Id.* (citation and internal quotation marks omitted).

an on-going and joint effort to set up a common defense strategy.'"[8] In order for Defendants to establish their entitlement to the joint-defense privilege, they must show that "(1) the documents were made in the course of a joint-defense effort; and (2) the documents were designed to further that effort."[9]

Here, Defendants solely rely on conclusory assertions of privilege. They do not show how the requested information implicates their rights or would require disclosure of privileged material. Nor did they provide a privilege log, declaration, or any other documentation supporting their assertion that the materials sought are privileged. Likewise, they included nothing to establish the existence of a joint defense arrangement with Ms. Davenport or her counsel. The Court simply has no information that would allow it to determine whether the requested materials are privileged, whether a common interest ever arose, or which entities, if any, shared that interest. Defendants therefore have failed to establish standing to challenge the subpoena.

## *Conclusion*

Accordingly, the Court **DENIES** the Motion (Dkt. 24).

**IT IS SO ORDERED** this 6th day of May 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[8] *Stoller v. Funk*, No. CIV-11-1144-C, 2013 WL 5517266, at *3 (W.D. Okla. Oct. 1, 2013) (quoting *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986)).

[9] *In re Grand Jury Proc.*, 156 F.3d 1038, 1043 (10th Cir. 1998).